GEC, LLC,

        Plaintiff,

  v.

ARGONAUT INSURANCE COMPANY,

        Defendant.
_____

ALPHA ENERGY, a division of ALPHA TECHNOLOGIES SERVICES, INC.,

        Plaintiff,

  v.

GEC, LLC, and CONTINENTAL CASUALTY COMPANY,

        Defendants.
_____

1:18-cv-00058

1:17-cv-00015

TO:    Warren B. Cole, Esq.
        Kyle R. Waldner, Esq.
        David C. Dreifuss, Esq.
        Carl A. Beckstedt, III, Esq.
        Frank L. Bigelis, Esq.
        Bradley C. Lewis, Esq.
        Emily Shoup, Esq.

## MEMORANDUM OPINION AND ORDER

THESE MATTERS are before the Court upon GEC, LLC's Motion for in Camera Review of Argonaut Privilege Log Documents by Magistrate Judge and Discovery Conference (1:18-

cv-00058, ECF No. 75; 1:17-cv-00015, ECF No. 134). This order is issued without necessity or expectation of response.

In a prior order (ECF No. 76), the Court granted for *in camera* review the four disputed documents on Argonaut's privilege log pending Argonaut's proper submission of the documents under seal. Argonaut promptly submitted the documents (ECF No. 77), and the Court has reviewed them.

## I.     BACKGROUND AND RELEVANT PROCEDURAL HISTORY

GEC, LLC ("GEC") has challenged the claims of privilege of four documents listed by Argonaut in its privilege log. GEC made a claim to Argonaut on the performance bond it issued guaranteeing performance of Alpha's microgrid subcontract. Argonaut retained the services of Lane Young to assist in its investigation of the claim and to inspect the microgrid. All arrangements for the inspection were made via email between counsel for GEC and counsel for Alpha, with copies to Mr. Robert Lavitt. (ECF No. 75-1). The inspection commenced on October 23, 2018 and was attended by counsel for GEC, John Adams, counsel for Alpha, Frank Bigelis, an Alpha employee, Danny Alldredge, and Mr. Young. On November 19, 2018, Lavitt sent a letter to GEC denying its claim against the performance bond. (ECF No. 75-3).

> GEC's request for production served on Argonaut included the following:
>
> Please produce all written communications and memoranda of oral communications between Argonaut and/or its agents and employees (to include, without limitation, Mr. Robert Lavitt) and Loewke Brill and/or Lane Young and/or O'Connell Electric Co. and/or any other person or entity

      employing Mr. Lane Young on the subjects of: a) GEC's claim under the Argonaut Performance Bond; and/or b) Inspection and/or evaluation of the Micgrogrid.

(ECF No. 75 at 3). Argonaut produced its privilege log on February 13, 2020. (ECF No. 75-4), and withheld the following documents on the basis of asserted privilege:

1) Item 54: email dated October 16, 2018, from Young to Bigelis, Alldredge, Loewke, and Ram Shrivastava with copies to Lavitt and George Kolakowski. The subject of the email is "Action items/Site Visit." The privilege(s) claimed are "Common-Interest/Joint Defense Agreement Privilege; Attorney Work Product."

2) Item 59: email with attachment dated November 12, 2018, from Young to Bigelis, Alldredge, Loewke, and Shrivastava with copies to Lavitt and Kolakowski. The subject of the email is "Initial Site Visit and Report." The privilege(s) claimed are "Common-Interest/Joint Defense Agreement Privilege; Attorney Work Product."

3) Item 60: email dated November 13, 2018, from Young to Loewke and Bigelis, with copies to Alldredge, Shrivastava, Lavitt, and Kolakowski. The subject of the email is "Site Visit." The privilege(s) claimed are "Common-Interest/Joint Defense Agreement Privilege; Attorney Work Product."

4) Item 63: emailed dated November 14, 2018, from Young to Lavitt, Bigelis, Alldredge, Loewke, and Shrivastava, with a copy to Kolakowski. The subject of the email is "Site Visit." The privilege(s) claimed are "Common-Interest/Joint Defense Agreement Privilege; Attorney Work Product."

(ECF No. 75-5).

## II.    APPLICABLE LEGAL PRINCIPLES

The common interest privilege protects communications between individuals and entities and counsel for another person or company when the communications are "part of an on-going and joint effort to set up a common defense strategy." *In the Matter of Bevill,*

*Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 126 (3d Cir. 1986) (quoting *Eisenberg v. Gagnon*, 766 F.2d 770, 787 (3d Cir. 1984)). In other words, members of the community of interest "must share at least a substantially similar legal interest." *In re Teleglobe Communications Corp. v. BCE*, 493 F.3d 345, 365 (3d Cir. 2007). The burden is on the party asserting the privilege to establish its existence by showing that "(1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived." *In the Matter of Bevill*, *Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 126 (citing *In re Grand Jury Subpoena Deces Tecum Dated November 16, 1974*, 406 F. Supp. 381 (S.D.N.Y. 1975)); *see also Grand Jury Empaneled February 14, 1978*, 603 F.2d 469, 474 (3d Cir. 1979). Moreover, to qualify for and to maintain continued protection, the communication must be shared between counsel. *Teleglobe Communications*, 493 F.3d at 365.

Recognizing that the common interest privilege operates in derivation of disclosure, the attorney-sharing requirement prevents abuse, such as, *post hoc* justification for a client's impermissible disclosures. Therefore, it is available when counsel share information to coordinate legal strategies. *Id.* Generally, under the joint defense or common interest rule, the attorney-client privilege is not automatically waived regarding joint consultations or exchanges of information, with each party retaining the right to voluntarily waive the privilege. *Russo v. Cabot Corp.*, No. 01-2613, 2001 WL 34371702, at *2 (E.D. Pa. Oct. 26, 2001), reversed on other grounds *sub nom. Debiec v. Cabot Corp.*, 352 F.3d 117 (3d Cir. 2003).

Thus, a waiver by one does not automatically operate as a waiver by the other. *In re Pittsburgh Corning Corp.*, 308 B.R. 716, 729 (W.D. Pa. 2004). However, when disclosure of a confidence is made to an unrelated third-party by one sharing a common interest with another and this occurs with the knowledge, awareness or consent of the other, the attorney-client privilege is waived as to the subject matter of the disclosure. *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 893 (S.D.N.Y. 1999).

### III. DISCUSSION

Argonaut's view of privilege in this instance is far too broad in regard to the documents in question. Although Young may have been directed by Argonaut's counsel in preparing his findings, those findings were ultimately relied upon by Argonaut and *disclosed* to GEC—the adversary party—as part of Argonaut's denial letter. The purpose of Young's inspection was to advise Argonaut as to the merits of GEC's bond claim.

Argonaut cannot claim that the full scale of Young's communications with Argonaut are privileged when those communications—whether directly or indirectly—have already been disclosed to GEC. It is not apparent from the record that the information that formed the basis of Young's assessments has been independently disclosed in this matter, and, given that Argonaut's denial letter opened the door to Young's findings, the emails at issue here—at least in their entirety—are not privileged. Therefore, Argonaut must produce the four documents to GEC.

However, to the extent that Argonaut seeks to exclude specific portions of the four documents, it may do so as part of its production to GEC. Should GEC object to any assertions of privilege as to any redactions—should Argonaut assert them—GEC may file a motion to compel with the Court.

## IV.    CONCLUSION

The portions of GEC's Motion not addressed in the Court's previous order (ECF No. 76) are granted in part and denied in part. It is hereby **ORDERED** that:

1. GEC, LLC's Motion for in Camera Review of Argonaut Privilege Log Documents by Magistrate Judge and Discovery Conference (1:18-cv-00058, ECF No. 75; 1:17-cv-00015, ECF No. 134) is **GRANTED IN PART and DENIED IN PART.**

2. Argonaut must produce the four documents at issue to GEC.

3. Argonaut may redact *specific* portions of the four documents it considers privileged and state, in a separate memorandum, its reasons for asserting privilege. GEC may object to any assertions of privilege in a subsequent motion with the Court.

ENTER:

Dated: February 28, 2020      /s/ George W. Cannon, Jr.
                              GEORGE W. CANNON, JR.
                              MAGISTRATE JUDGE